MICHAEL C. VAN, ESQ. (3876)
ROBERT T. SPJUTE, ESQ. (13866)
**SHUMWAY VAN**
8 East Broadway, Suite 550
Salt Lake City, Utah 84111
Phone: (801) 478-8080
Fax: (801) 478-8088
tee@shumwayvan.com
michael@shumwayvan.com

STEVEN STERN, ESQ. (pro hac vice)
BENJAMIN LITTLE, ESQ. (pro hac vice)
**STERN & SCHURIN LLP**
595 Stewart Avenue, Suite 510
Garden City, New York 11530
Phone: (516) 248-0300
Fax: (516) 283-0277
sstern@sternschurin.com
blittle@sternschurin.com

*Attorneys for Filter USA, Inc. and Benjamin Friedlander*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **SKULLCANDY, INC.**, a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>**FILTER USA, INC.**, a New York corporation, **BENJAMIN FRIEDLANDER**, an individual, both doing business as "Filter Pro" on www.amazon.com, and JOHN DOES 1-10,<br><br>Defendants. | **DEFENDANTS FILTER USA, INC. AND BENJAMIN FRIEDLANDER'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Civil Action No. 18-cv-00748-DAK-BCW<br>Judge: Dale A. Kimball<br>Magistrate Judge: Brook C. Wells |

1

**TABLE OF CONTENTS**

ARGUMENT IN REPLY ..................................................................................................1

   I.  IF DEFENDANTS' AMAZON SALES AMOUNT TO TRADEMARK INFRINGEMENT, THEN ALL UNAUTHORIZED AMAZON SALES AMOUNT TO INFRINGEMENT, IN DIRECT CONTRAVENTION OF ESTABLISHED TENTH CIRCUIT LAW ..................................................................................................2

  II.  SKULLCANDY'S ENTIRE CLAIM IS BARRED BY NEW YORK GENERAL BUSINESS LAW § 369-b ..........................................................6

CONCLUSION.................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                     **Page(s)**

*Bel Canto Design, Ltd. v. MSS HiFi, Inc.*,
    837 F. Supp. 2d 208 (S.D.N.Y. 2011).................................................................................. 6-7

*Bel Canto Design, Ltd. v. MSS HiFi, Inc.*,
    2012 U.S. Dist. LEXIS 86628 (S.D.N.Y. June 20, 2012)................................................... 6-7

*Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*,
    562 F.3d 1067 (10th Cir. 2009) ......................................................................................... 1-3

**Rules and Statutes**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................8

N.Y. Gen. Bus. Law § 369-b ............................................................................................... 1, 6-7

## **ARGUMENT IN REPLY**

If Skullcandy's arguments are adopted by the Court, then every "unauthorized" reseller of Skullcandy products on Amazon.com is an infringer. Indeed, every unauthorized reseller on the Amazon.com platform would be deemed an infringer! This is not the law in the Tenth Circuit nor anywhere else in the United States.

Skullcandy fails to identify any facts unique to Defendants that set them apart from any other "unauthorized" reseller that legitimately sells on Amazon.com. For example, Skullcandy does not allege that Defendants deface QR codes or other tracking conventions from the packages of Skullcandy products. Skullcandy's omissions are fatal to its claim, and pursuant to the law in the Tenth Circuit, Skullcandy's Complaint must be dismissed. *See*, *Beltronics USA, Inc. v. Midwest Inventory Distribution*, LLC, 562 F.3d 1067, 1071 (10th Cir. 2009) ("[T]he essence of the 'first sale' doctrine [is] that a purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act.").

Skullcandy also fails to effectively rebut the argument that New York General Business Law § 369-b precludes it from denying warranty coverage based solely on the facts it has alleged in the Complaint. Skullcandy's Complaint and its

1

Memorandum in Opposition identify no legitimate reasons for why it would refuse to honor its warranty. Accordingly, any attempt to decline a warranty claim by a consumer that purchased a Skullcandy product from Defendants is void under New York law, and thus cannot constitute a "material difference" necessary to support a Lanham Act claim.

For these reasons, which are explained below in greater detail, Defendants' Motion to Dismiss should be granted in its entirety.

## I. IF DEFENDANTS' AMAZON SALES AMOUNT TO TRADEMARK INFRINGEMENT, THEN <u>ALL</u> UNAUTHORIZED AMAZON SALES AMOUNT TO INFRINGEMENT, IN DIRECT CONTRAVENTION OF ESTABLISHED TENTH CIRCUIT LAW

If there were any doubt previously, Skullcandy's Memorandum in Opposition confirms that even if the allegations in the Complaint are true, Skullcandy's grievance is with the way Amazon.com does business, and not with Defendants. Skullcandy's Complaint is replete with allegations that are nothing more than an attempted indictment of Amazon.com and its business model. These allegations amount to nothing more than Skullcandy's contention that "bad things happen on Amazon." Then, Skullcandy extends those contentions to Defendants in an attempt to convince the Court that because Defendants' advertise and sell on Amazon.com, they are participating in doing those bad things.

Skullcandy has not asserted any claims that can withstand this Motion to Dismiss under the law in the Tenth Circuit. *See*, *Beltronics*, LLC, 562 F.3d at 1071. Under *Beltronics,* which acknowledges the application of the first sale doctrine, "a purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act." *Id.* Here, all of the Defendant's sales are made via Amazon.com. Neither the Defendants nor Amazon.com alters the products or packaging in any way. Accordingly, there is no "material difference" in the Skullcandy product resold by Defendants versus the very same product sold by Skullcandy or one of its authorized resellers. Thus, in this case, the advertising and sales of unaltered and authentic goods by an "unauthorized" distributor, such as Defendants, do not violate the Lanham Act. To assume, as Skullcandy proposes, that all Amazon sales by an "unauthorized" reseller is "materially different," stands contrary to the clear and unambiguous holding of *Beltronics* and the first sale doctrine. Yet, this is the only logical conclusion that can be reasonably drawn from the allegations in Skullcandy's Complaint. Indeed, if Skullcandy's allegations are sufficient to give rise to a cause of action for trademark infringement, the natural result is that everything sold on Amazon.com by unauthorized distributors constitutes trademark infringement. This is not the law in the Tenth Circuit.

An examination of Skullcandy's allegations demonstrates that no facts have been alleged that would not apply to any other ordinary unauthorized reseller of Skullcandy products on Amazon.com. For example, if it is true that "Defendants [being] non-Authorized Dealers who are outside of Skullcandy's quality controls," *see* Skullcandy Memorandum in Opposition (hereinafter "*Opp. Br.*"), p. 20, creates a material difference and supports a finding of infringement, then every unauthorized distributor on Amazon is liable for trademark infringement. By this logic, every single unauthorized distributor may be held liable for infringement by mere reason of listing Skullcandy products on Amazon.

The same may also be said of all the other allegations in the Complaint. For example, Skullcandy asserts that "on some online marketplaces, all sellers are listed under one product listing, making it practically impossible for consumers to ascertain which sellers are authorized and subject to the brand's quality standards and which sellers are selling unauthorized products." *See, Complaint,* ¶ 29. Skullcandy's grievance is not with Defendants, but with the manner in which Amazon.com and other online sellers operate. If the Court were to follow Skullcandy's argument to its logical conclusion, then every seller (other than authorized sellers) would be liable for infringement for merely offering products for sale on Amazon and other online marketplaces, where the same product sold by

4

multiple sellers is listed under a single product listing. Indeed, if the act of listing a product on "a marketplace where all sellers of a product are listed under a single listing," *Opp. Br.*, p. 17, results in a "material difference" that serves as the foundation for a claim of infringement, then every unauthorized distributor on Amazon.com is liable for infringement since Amazon.com permits all resellers – authorized and unauthorized – to sell the same products under a single listing.

By way of another example, Skullcandy alleges that "Defendants' decision to sell anonymously," *Opp. Br.*, p. 17, creates a material difference and supports a finding of trademark infringement. Again, if this were actionable, then every unauthorized distributor on Amazon.com is liable for infringement, since it is common for distributors to "operate anonymously on marketplaces." *See, Compl*aint, ¶ 27. The same is equally applicable to Skullcandy's allegations regarding the storage of Skullcandy products. In particular, if distributors that "store their products at Amazon warehouses," *Complaint,* ¶ 81, create a material difference that supports a finding of trademark infringement, then every unauthorized distributor that allows Amazon to fulfill its orders is liable for infringement.

Skullcandy's Complaint boils down to its desire to prevent unauthorized resellers of its products from listing those products on Amazon.com and other online marketplaces where Skullcandy cannot control the price at which its products are

5

sold. None of the allegations in Skullcandy's Complaint constitute a material difference that is actionable under the Lanham Act. Although Skullcandy has gone through great lengths to attempt to identify a host of purported "material differences" that it contends form the basis of its claim for trademark infringement, it has failed to allege anything substantive that constitutes an actionable material difference. Moreover, even if the Court accepts all of Skullcandy's allegations as true, Skullcandy's Complaint cannot survive this Motion to Dismiss without also holding that any rights holder can sue an Amazon.com reseller at any time merely for displaying and reselling goods on the Amazon.com platform.

## II. SKULLCANDY'S ENTIRE CLAIM IS BARRED BY NEW YORK GENERAL BUSINESS LAW § 369-b

Skullcandy's claims are also barred by New York General Business Law § 369-b. Indeed, any attempt to limit a manufacturer's warranty based on the sale of a product by an unauthorized reseller is void by statute and cannot constitute a material difference. Yet, in its Complaint and Memorandum in Opposition, Skullcandy admits that it refuses to honor warranties on Skullcandy products sold by unauthorized retailers, even though it is not permitted to do so. *See, Complaint, ¶ 23; Opp. Br.*, p. 9. Skullcandy's admitted acts stand in direct violation of GBL §369-b. Indeed, the entire objective of GBL § 369-b is to "prevent denial of

manufacturer warranty service to customers…because goods were sold by unauthorized dealers." *Bel Canto Design, Ltd. v. MSS HiFi, Inc.*, 837 F. Supp. 2d 208 (S.D.N.Y. 2011).

In an attempt to sidestep New York's statutory prohibition and defeat Defendants' Motion to Dismiss, Skullcandy attempts to rely upon *Bel Canto Design, Ltd. v. MSS HiFi, Inc.*, 2012 U.S. Dist. LEXIS 86628 (S.D.N.Y. June 20, 2012), a case that discusses the prohibitions of GBL §369-b but which is factually distinct from the case here.

While it is true that the court in *Bel Canto* did not bar plaintiff's claim on a motion to dismiss, Skullcandy overlooks the pertinent facts of that case which are **not** present here. In *Bel Canto*, the facts pled in support of the claim of infringement were not based solely on the identity of the distributor and the fact that the distributor was not authorized. Rather, the plaintiff in *Bel Canto* alleged that defendant had defaced products. Moreover, in *Bel Canto*, evidence was presented that "overwhelmingly supports the conclusion that… Defendants do, as a matter of fact, physically alter the serial numbers on at least some of the Bel Canto products they sell." *Bel Canto*, 837 F. Supp. 2d at 221. In contrast, the allegations of defacing, physically altering products and removing serial numbers that were unquestionably present in *Bel Canto* have not even been alleged here by Skullcandy. Accordingly,

since Skullcandy's allegations do not include any of the serious acts of defacing, physically altering products or removal of serial numbers that are present in *Bel Canto*, it is abundantly clear that the Complaint should be dismissed now.

## **CONCLUSION**

Based on the foregoing, this Court should dismiss Plaintiff's Complaint against Defendants for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated: March 18, 2019

Respectfully submitted,
**SHUMWAY VAN**

By: /s/ *Robert T. Spjute*
Michael C. Van, Esq.
Robert T. Spjute, Esq.
*Attorneys for Defendants*


**STERN & SCHURIN LLP**
Steven Stern (*pro hac vice*)
Benjamin Little (*pro hac vice*)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of March, 2019, I electronically filed a copy of the forgoing **DEFENDANTS FILTER USA, INC. AND BENJAMIN FRIEDLANDER'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)** with the Clerk of the Court via the Court's CM/ECF system, which in turn affected service via that system on the following:

Monica S. Call
monica.call@stoel.com
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111-4904
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

Daren S. Garcia
dsgarcia@vorys.com
Rodney A. Holaday
raholaday@vorys.com
William D. Kloss, Jr.
wdklossjr@vorys.comVORYS,
SATER, SEYMOUR AND PEASE LLP
52 East Gay Street Columbus, OH 43215
Telephone: (614) 464-8356
Facsimile: (614) 719-5112

Signature:  /s/ Robert T. Spjute
*An employee of Shumway Van*