Monica S. Call (#11361)
monica.call@stoel.com
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT  84111-4904monica
Telephone: (801) 328-3131
Facsimile:  (801) 578-6999

Daren S. Garcia (*pro hac*)
dsgarcia@vorys.com
Rodney A. Holaday (*pro hac*)
raholaday@vorys.com
William D. Kloss, Jr. (*pro hac*)
wdklossjr@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Telephone: (614) 464-8356
Facsimile:  (614) 719-5112

*Attorneys for Skullcandy, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SKULLCANDY, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>FILTER USA INC., a New York corporation, BENJAMIN FRIEDLANDER, an individual, both doing business as "Filter Pro" on www.amazon.com, and JOHN DOES 1-10,<br><br>             Defendants. | **NOTICE OF SUPPLEMENTAL AUTHORITY SUBMITTED BY PLAINTIFF SKULLCANDY, INC.**<br><br>Case No: 2:18-cv-00748-DAK<br><br>District Judge: Dale A. Kimball |

Pursuant to DUCiv-R 7-1(b)(4), Plaintiff Skullcandy, Inc. ("Skullcandy") hereby submits this notice of supplemental authority in support of its Memorandum in Opposition to Defendants' Motion to Dismiss (the "Opposition") (Doc. 26).  Skullcandy filed its Opposition on March 4, 2019.  On pages 14-24 of the Opposition, Skullcandy argues that it sufficiently pleaded two independent exceptions to the First Sale Doctrine:  (1) the quality control exception and (2) inapplicability of Skullcandy's warranty to Defendants' unauthorized sales.  This supplemental authority relates to that argument.

On March 28, 2019, the United States District Court for the District of Colorado issued an Order and Judgment in favor of Plaintiffs Otter Products, LLC and TreeFrog Developments, Inc. in a case asserting claims similar to the claims in this action.  *See Otter Products, LLC, et al. v. Wang, et al.*, Case No. 1:18-cv-03198-CMA-SKC (D. Colo.)  Copies of the Order and Judgment are attached hereto as Exhibits 1 and 2.

The case involved an unauthorized seller selling Plaintiffs' products on his Amazon storefronts.  (Order at 5.)  Plaintiffs asserted claims for trademark infringement under 15 US.C. §§ 1114, 1125, common law trademark infringement, unfair competition under 15 U.S.C. § 1125(a), false advertising under 15 U.S.C. § 1125(a)(1)(B), trademark dilution under 15 U.S.C. § 1125(c), unfair and deceptive trade practices under Colo. Rev. Stat. § 6-1-105, and tortious interference with contract.  (Order at 9-15.)  The court found for Plaintiffs on each of their claims.  (*Id*.)

The Court held that Plaintiffs stated claims for trademark infringement and unfair competition because they alleged that they have implemented legitimate and substantial quality controls, Defendant does not comply with those quality controls, and Defendant's sales outside of Plaintiffs' quality control program interfere with Plaintiffs' quality controls and Plaintiffs' ability to exercise control over products bearing their trademarks.  (*Id*. at 10.)  The Court held

2

that the products Defendant sells bearing Plaintiffs' trademarks are not genuine and diminish the value of Plaintiffs' trademarks.  (*Id.*)  The Court also held that the products sold by Defendant were materially different from the manufacturer's products because they did not come with the manufacturer's warranty.  (*Id.*)  The Court explained that Defendant's actions cause consumer confusion because consumers who purchase products from Defendant think they are getting genuine products that comply with Plaintiffs' quality controls and came with the manufacturer's warranty when they did not.  (*Id*. at 11.)

The court also held that Plaintiffs stated a claim for tortious interference with contract by alleging that Plaintiffs' contracts with their authorized resellers prohibit them from selling Plaintiffs' products to third parties who intend to resell the products, Defendant knew of this prohibition, and Defendant induced a breach of the contracts by purchasing products from Plaintiffs' authorized resellers for the purpose of reselling the products.  (*Id*. at 14-15.)

Respectfully submitted,

Dated: April 8, 2019

By:*/s/ Monica S. Call*
Monica S. Call (#11361)
monica.call@stoel.com
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT  84111-4904
Telephone: (801) 328-3131
Facsimile:  (801) 578-6999

Daren S. Garcia (*pro hac*)
dsgarcia@vorys.com
Rodney A. Holaday (*pro hac*)
raholaday@vorys.com
William D. Kloss, Jr. (*pro hac*)
wdklossjr@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Telephone: (614) 464-8356
Facsimile:  (614) 719-5112

*Attorneys for Plaintiff Skullcandy, Inc.*

3

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2019, a copy of the foregoing was served via CM/ECF on the following attorneys for Defendants Filter USA, Inc. and Benjamin Friedlander:

Robert T. Spjute
Shumway Van LLC
8 East Broadway Ste 550
Salt Lake City, UT  84111
tee@shumwayvan.com

Steven Stern
Stern & Schuin LLP
595 Stewart Ave Ste 510
Garden City, NY 11530
sstern@sternschurin.com

Benjamin James Little
Stern & Schuin LLP
595 Stewart Ave Ste 510
Garden City, NY 11530
blittle@sternschurin.com

*/s/ Monica S. Call*
Monica S. Call

4

101285898.1 0043664-00006