MICHAEL C. VAN, ESQ. (3876)
ROBERT T. SPJUTE, ESQ. (13866)
**SHUMWAY VAN**
8 East Broadway, Suite 550
Salt Lake City, Utah 84111
Phone: (801) 478-8080
Fax: (801) 478-8088
tee@shumwayvan.com
michael@shumwayvan.com

STEVEN STERN, ESQ. (pro hac vice)
BENJAMIN LITTLE, ESQ. (pro hac vice)
**STERN & SCHURIN LLP**
595 Stewart Avenue, Suite 510
Garden City, New York 11530
Phone: (516) 248-0300
Fax: (516) 283-0277
sstern@sternschurin.com
blittle@sternschurin.com

*Attorneys for Filter USA, Inc. and Benjamin Friedlander*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SKULLCANDY, INC.**, a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>**FILTER USA, INC.**, a New York corporation, **BENJAMIN FRIEDLANDER**, an individual, both doing business as "Filter Pro" on www.amazon.com, and JOHN DOES 1-10,<br><br>Defendants. | **DEFENDANTS FILTER USA, INC. AND BENJAMIN FRIEDLANDER'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY SUBMITTED BY PLAINTIFF SKULLCANDY, INC**<br><br>Civil Action No. 18-cv-00748-EJF<br>Magistrate Judge: Evelyn J. Furse |

Defendants respectfully submit this response to Plaintiff's Notice of Supplemental Authority, which cites *Otter Prods., LLC v. Wang*, Civil Action No. 18-cv-03198-CMA-SKC, 2019 U.S. Dist. LEXIS 52916 (D. Colo. Mar. 28, 2019) (the "*Otter*" case).

I. **THE *OTTER* CASE SHOULD NOT BE FOLLOWED DUE TO PROCEDURAL AND SUBSTANTIVE DISTNCTIONS**

The *Otter* case is distinguishable from this case on both procedural and substantive grounds, which are explained below.

### A. THE *OTTER* DECISION WAS RENDERED ON DEFAULT

Procedurally, the decision in *Otter* was issued by the District of Colorado in connection with an unopposed Motion for Default Judgment and Permanent Injunction. Thus, the *Otter* case was not decided on the merits. To the contrary it was decided without any opposition which the court could have relied upon in reaching its conclusions. Thus, this Court can hardly consider this authority to have any significant weight in this proceeding where Filter USA has not only appeared, but has affirmatively sought dismissal of the Complaint.

### B. THE DEFENDANT IN THE *OTTER* CASE WAS NOT FROM NEW YORK WHERE N.Y GEN. BUS. LAW § 369-b PRECLUDES THE DENIAL OF A WARRANTY TO CONSUMERS IN THIS CASE

Substantively, the court's decision in the *Otter* case is based upon the fact that consumers who purchase from "unauthorized" channels <u>do not receive a warranty</u> that these consumers would otherwise receive if they purchase the goods

2

from Plaintiffs or their Authorized Resellers. *See Otter Products, LLC, et al. v. Wang, et al.*, Case No. 1:18-cv-03198-CMA-SKC (D. Colo.), p. 5. In particular, the court states:

> Plaintiffs also provide a Limited Warranty ("Warranty") for products purchased from Plaintiffs or their Authorized Resellers, covering the repair or replacement of products for defects for a period of time. The Warranty provides that a customer can receive a repair or replacement product if a product has a defect in manufacturing, materials, or workmanship during the warranty period applicable to the product. The Warranty is a material component of Otter Products. Because Plaintiffs cannot exercise their quality controls over products sold by unauthorized sellers, the Warranty is not available for products sold by unauthorized sellers who are not subject to Plaintiffs' quality controls.

*Id.* The court follows up this recitation with additional facts that are all centered around the lack of the Warranty that is not afforded to consumer who purchase from the defendant. In particular, the court stated:

> Wang advertises products bearing the Otter Trademarks on the Storefronts as being "New" products that come with the Warranty. His product listings also specifically state that they come with the Warranty. These representations are false because the products Wang sells do not come with the Warranty.

*Id.* at p. 6. Based on the lack of a Warranty provided to consumers of the Otter products, the Court concluded that Wang is "selling products that are materially different from genuine Otter Products because they do not come with a Warranty." *Id.* at 10.

3

Notably, the defendant in the *Otter* case are not from New York. Here, because defendant is a New York corporation from where its advertising and sales are made, [N.Y Gen. Bus. Law § 369-b](#) applies. This statute precludes brand holder such as Skullcandy from denying a warranty to consumers based on the seller's status as an "unauthorized" distributor. In view of this significant distinction, *Otter* cannot be applied here since Skullcandy is precluded from denying a warranty to consumers who purchase from those who are not in its intended chain of distribution. And without this "material difference," Skullcandy's Complaint should be dismissed.

Respectfully Submitted,

| | |
|---|---|
| Dated: May 24, 2019 | By: */s/ Steven Stern*<br>Steven Stern |

**SHUMWAY VAN**

By: /s/ *Robert T. Spjute*
Michael C. Van, Esq.
Robert T. Spjute, Esq.
*Attorneys for Defendants*

**STERN & SCHURIN LLP**

Steven Stern (*pro hac vice*)
Benjamin Little (*pro hac vice*)
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2019, a copy of the foregoing was served via CM/ECF on the following attorneys for Skullcandy, Inc.:

Monica S. Call (#11361)
monica.call@stoel.com
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111-4904
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

Daren S. Garcia (*pro hac*)
dsgarcia@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-8356
Facsimile: (614) 719-5112

Rodney A. Holaday (*pro hac*)
raholaday@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-8356
Facsimile: (614) 719-5112

William D. Kloss, Jr. (*pro hac*)
wdklossjr@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-8356
Facsimile: (614) 719-5112

*/s/ Steven Stern*
Steven Stern